Chief Judge Fuld (dissenting).
Although Harbor Tank Storage Co., the bailee in this case, would be responsible as a warehouseman to its bailors for its failure to deliver their oil to them on demand, there can be no doubt that an insurer could not be held liable for such nondelivery under the policy beforé us unless it was one of the risks insured against.
We are here concerned with a “ Scheduled Property Floater Policy ” which insures the bailee only against damage to, or loss of, property in its possession for which it would ultimately be liable to its bailors. In order to recover under such a policy, it must be shown that all or some of the property which had been placed on the premises was damaged or lost during the term of the policy. It is my view—as it was the Appellate Division’s — that the plaintiff has failed to establish this essential fact. Indeed, as the majority opinion points out, the only evidence adduced herein indicates that, although the policy had been in effect for but 2 years, a shortage in the quantity of oil had existed for at least 10 years and “ [n]o evidence was presented to explain this shortage ” (opinion, p. 444).
*447 Quite obviously, not every possible contingency was covered. The policy specifically provides that it does not encompass loss due to “ wear and tear or gradual deterioration ” or “ inherent vice ”, either of which could have accounted for the ultimate shortage. Other risks clearly not insured against include wrongdoing on the part of the warehousemen or bookkeeping errors in its records indicating the receipt of oil never actually delivered.
In sum, all that the plaintiff has shown is that, at a particular point in time, there was insufficient oil in the tanks to satisfy the warehouseman’s obligations to all of its bailors. Even if the shortage had been caused by one of the risks which the policy insured against—and, as I have said, there is absolutely no warrant for such an assumption—the shortage could not constitute & basis for a claim against the insurer if the loss had occurred before the policy was issued. The insurance company was certainly not assuming responsibility for the consequences of events which may have happened years before it issued its policy. I would affirm the order appealed from.
Judges Scileppi, Breitel and Jasen concur with Judge Keating; Chief Judge Fuld dissents and votes to affirm in a separate opinion in which Judges Burke and Bergan concur.
Order reversed, etc.